IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS  DIVISION

| | | |
|---|---|---|
| **KIMBALL FOX HENDERSON** | ) | |
| | ) | |
| v. | ) | 3-06-CV-867-D |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Bridgeport Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Bridgeport, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Henderson is serving a conviction for intoxicated manslaughter of which he was convicted by a jury in cause number F-98-00898-N and assessed a ten year term of imprisonment. He does not attack the legality of his underlying conviction and sentence, but rather attacks the Texas Board of Pardons and Paroles' decisions on May 18, 2005 and April 6, 2006, which denied his release on mandatory supervision release. In response to his petition and this court's show cause order Respondent has filed his answer alleging that Petitioner has failed to fully

exhaust state remedies and in the alternative that his grounds for relief are without merit. Henderson filed his opposition to the answer on August 28, 2006.

**Findings and Conclusions**: Henderson raises seven grounds in support of his claim that he remains confined in violation of his liberty interest in obtaining mandatory supervision release on his ten year sentence imposed in his conviction for intoxicated manslaughter.

In his answer Respondent alleges that grounds five through seven are unexhausted. A review of the application filed in Application No. WR-61,457-02, denied without written order by the Court of Criminal Appeals on March 1, 2006, confirms that none of these issues was raised in the application. Indeed, in his § 2254 petition Henderson concedes that these grounds were not raised. See petition at ¶ 22, page 8.

28 U.S.C. § 2254(b)(1)(A) bars a federal court from granting habeas corpus relief when a petitioner has failed to exhaust state remedies. On the other hand a federal court may deny relief on an otherwise unexhausted claim. Id. at § 2254(b)(2). Respondent submits that grounds five through seven fail to raise cognizable claims and therefore the court in its discretion should deny the petition on the merits or in the alternative that the petition be dismissed without prejudice.

Grounds six and seven allege that his state habeas attorney failed to render effective assistance of counsel. See also Petitioner's memorandum filed on May 12, 2006, at pages 13-14; Petitioner's motion in opposition to Respondent's answer filed on August 28, 2006, at pages 14-15; and No. WR-61,457-02 at 0037. Henderson's arguments in support of these grounds are both factually and legally insufficient to raise cognizable claims for relief.

However, his fifth ground for relief is another matter. It is predicated on the fact that the Texas Board of Pardons and Paroles refused to release him on mandatory supervised release on

2

April 1, 2006, a date which post dates not only that on which he filed his application in No. WR-61,457-02, but the date on which relief was denied by the Court of Criminal Appeals. Although Henderson couches his claim in terms of a violation of the Double Jeopardy clause, liberally construed it appears that he is claiming that the decision of the Board on April 1, 2006, relied on the self-same reasons stated in the prior decision issued on May 16, 2005, essentially "rubber-stamping" the earlier determination in the subsequent decision.

This court recognizes that Petitioner's eligibility for mandatory supervised release is governed by the amendments which became effective on September 1, 1996.  See Texas Government Code §§ 508.147, 508.149 (West 1999).  As distinguished from the former provision which entitled an eligible prisoner to "automatic release," See art. 42.18, § 8 (c), Texas Criminal Procedure (1995), the amendments imposed an element of discretion in the Board to deny release. See § 508.149 (b)(1) and (2).  But, the Texas Court of Criminal Appeals has clearly held that the statutory language creates a liberty interest in mandatory supervision release.  Ex Parte Geiken, 285 S.W.3d 553, 558-59 (Tex.Crim.App. 2000).

Although Respondent has submitted documentation which indicates that the defects in procedural due process to which the Court of Criminal Appeals found an inmate subject to mandatory supervised release to be entitled are not present in Henderson's case, see Respondent's answer, Attachments to Exhibit A at page 4 - notice of subsequent discretionary mandatory review, received by Henderson on February 15, 2006 - the affidavit of Sandy Pickell (Exhibit A) does not indicate whether Petitioner submitted any information for the Board's consideration.  Also, it appears that the reasons stated for denial of release on April 6, 2006 (Attachments to Exhibit A at page 5) are rather cursory and with the exception of the two requirements listed in § 508.149 (b)(1)

3

and (2) are stated in the disjunctive, raising a question of whether the notice given complies with § 508.149(c).

Respondent also contends that the initial decision of the Board on May 18, 2005 (Attachments at page 3) extinguishes any future expectation of release on mandatory supervision. See Respondent's answer at 13-14. However, there appears to be a plausible argument to the contrary based upon (1) that the Board considered his eligibility for mandatory supervised release on April 1, 2006; (2) that the language found in § 508.149(d) provides for reconsideration of an inmate's release on mandatory supervision at least twice during the two years after the date of determination; and (3) the subsequent determination (page 5, supra) states; "The Institutional Division will monitor your treatment plan progress and will report your progress to the Board of Pardons and Paroles," implying, at least, that positive adjustments by the affected inmate could result in a different decision with respect to mandatory supervision release.

The answers to these issues with respect to the process which is due to a prisoner subject to the provisions of §§ 508.147 and 508.149 must in the first instance be determined by the Texas Court of Criminal Appeals. However, it is clear that in failing to present this claim to the court with respect to the Board's April 1, 2006, Henderson has not exhausted this claim, and for the foregoing reasons it cannot be held as a matter of law that his fifth ground for relief is without merit.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court find that the petition constitutes a "mixed petition," raising both exhausted and unexhausted grounds for relief and that the petition be dismissed without prejudice for failure to exhaust. See Rose v. Lundy, 455 U.S. 509, 510 (1982); §§ 2254 (b)(1)(A).

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 12th day of December, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.